IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                                  )
                                        )
MIESHA C. CALDWELL,                     )   Case No. 16-42426
                                        )
         Debtor.                        )

### ORDER DIRECTING THE MISSOURI DEPARTMENT OF REVENUE TO ISSUE THE DEBTOR'S VEHICLE REGISTRATION RENEWAL

Chapter 13 Debtor Miesha C. Caldwell filed a "Motion for Personal Property Tax Waiver." In sum, the Debtor is asking the Court to either require Clay County, Missouri, to issue a waiver of the payment of personal property taxes that came due on her vehicle December 31, 2015, or, alternatively, to require the Missouri Department of Revenue to issue the Debtor's license plate registration tags without either a paid receipt or a waiver of the property tax from the County.

This Court held a hearing on September 22, 2016, at which counsel appeared for the Debtor. In addition, Clay County and the Missouri Department of Revenue each filed limited objections and appeared at the hearing through separate counsel. For the reasons that follow, the Missouri Department of Revenue will be ordered to renew the Debtor's vehicle license plate registration without the presentation of a receipt or waiver.[1]

In order to renew vehicle license plates in the State of Missouri, a vehicle owner must, *inter alia*, provide the Missouri Department of Revenue with either: (a) a receipt showing that the personal property taxes have been paid for the

---

[1] Debtor Miesha Caldwell's attorney filed a similar motion in an unrelated case, *In re Lemos*, Case No. 12-45191, which was also heard on September 22. However, at that hearing, it was determined that the Lemoses had actually paid their personal property taxes for 2014 and 2015, so their Motion for Personal Property Tax Waiver was denied as being unnecessary.

previous year (if requesting a one-year registration) or two prior years (if requesting a two-year registration); or (b) a statement showing that no property tax was owed.[2]  The obligation to pay personal property tax on a vehicle accrues on January 1 of a given year, but the actual tax bill is not sent out until the fall of that year, after the mill levy rate has been determined.  The tax then becomes due and payable without penalty on December 31 of that year.

The Debtor filed this Chapter 13 bankruptcy case on September 1, 2016.  Her schedules show that she owned at least two vehicles on January 1, 2015, and, therefore, the personal property taxes on those vehicles became due on December 31, 2015.[3]  However, the Debtor failed to pay the personal property taxes on at least one of the vehicles prior to filing her bankruptcy case.  Thus, when her license plates came up for renewal, she apparently asked Clay County for a "waiver" on the ground that she is in Chapter 13 bankruptcy case and she is proposing to pay the priority portion of the prepetition personal property taxes through her Chapter 13 plan.  Clay County has declined to give her such a waiver, and so she filed this Motion, essentially asking this Court to do so.

---

[2] Mo. Rev. Stat. § 301.025.1 ("No state registration license to operate any motor vehicle in this state shall be issued unless the application for license of a motor vehicle or trailer is accompanied by a tax receipt for the tax year which immediately precedes the year in which the vehicle's or trailer's registration is due and which reflects that all taxes, including delinquent taxes from prior years, have been paid, or a statement certified by the county collector or collector-treasurer of the county in which the applicant's property was assessed showing that the state and county tangible personal property taxes for such previous tax year and all delinquent taxes due have been paid by the applicant, or a statement certified by the county or township collector for such previous year that no such taxes were assessed or due and, the applicant has no unpaid taxes on the collector's tax roll for any subsequent year. . . ."); § 301.147 (authorizing the director of revenue to provide the option of biennially registering motor vehicles).

[3] The schedules also indicate that the Debtor purchased a third vehicle in 2016.  Her plan indicates she intends to keep the two newer vehicles, a 2010 Cadillac SRX and a 2015 Chevy Camero.  She plans to surrender the third vehicle, a 2004 Buick LaSabre.

2

As Clay County's counsel stated at the hearing, there is no statutory provision or other authority for a "waiver" of a personal property tax in the sense that a debtor does not have to pay it. Rather, counties are only obligated under statute to provide a "Statement of No Tax Due" if the person did not actually own personal property, such as a vehicle, on January 1 of the year in which the tax came due. Nevertheless, it would appear that many counties in Missouri, including Clay County, have been routinely issuing some sort of "waivers" to vehicle owners upon receiving proof that the owner is in a Chapter 13 bankruptcy case. The debtors then take that "waiver" to the Missouri Department of Revenue, who issues the license registration despite the fact that the debtor has not paid the prepetition tax in full, nor obtained a true "Statement of No Tax Due."

Although this process is not authorized by statute, it has apparently worked smoothly over the years (without court involvement) and has allowed Chapter 13 debtors to register their vehicles so long as they are paying their prepetiton taxes through the plan, and are current on their postpetition taxes. However, counsel for Clay County stated at the hearing that this practice has become burdensome for its county collector, in part because debtors have begun, rather routinely, asking for "waivers" for *postpetition* taxes, which, in contrast to prepetition taxes, must be paid when they come due, not through a Chapter 13 plan.[4] This problem is further complicated by the fact that the taxes accrue on January 1, even though the billing statement for that year may not have been sent out by the time of the bankruptcy filing. In other words, if a Chapter 13 bankruptcy case is filed on October 1, there could be a prepetition tax debt which accrued on January 1, but was not billed out until after the bankruptcy was filed, and not actually due until December 31. In

---

[4] Indeed, it would appear that the debtors in the *Lemos* case, referenced in Note 1 above, asked Clay County for such a waiver, even though they are in year-four of their Chapter 13 case and even though they had actually paid the taxes for 2014 and 2015.

those instances, the debt is a prepetition debt, but since the debtor has not yet received the bill for the tax, the debtor might neglect to list the county collector in the schedules or treat the tax in their initial plans.

As a practical matter, because of this confusion, Clay County's attorney stated that debtors are bringing in proof that they are in a bankruptcy case, and are now routinely being given waivers without an examination as to whether the tax is one that is being paid through the Chapter 13 plan, or not. In addition, the County is not, according to counsel, in a position to determine whether a vehicle owner who presents proof of having filed a Chapter 13 case is still in the Chapter 13 case, or whether such person's case has been dismissed. The County does not have staff with the legal expertise, or the time, to determine whether the waiver being requested pertains to a tax being paid through a plan. Counsel for Clay County stated at the hearing that Platte County, Missouri is experiencing the same problem. Therefore, those counties have stopped issuing the waivers, which are not authorized by statute in any event.

Likewise, the Missouri Department of Revenue, which is responsible for actually issuing the vehicle registration tags, has similar concerns. Although it has apparently been accommodating Clay and Platte County debtors by registering vehicles owned by people who demonstrate they are in a Chapter 13 case, but without producing waivers, the statute does not authorize this, and, like the county collectors, the State does not have the staff to research the status of bankruptcy cases for every debtor who comes in with a bankruptcy petition. Clay County and the State both said at hearing that they support the concept of Chapter 13 debtors having current and legal license registrations while paying prepetition debts through the plan, but both say that they are without the resources to make a case-by-case analysis of whether every person wanting a waiver is entitled to one.

4

All that said, the State's attorney represented to the Court at the hearing that it would issue Debtor Miesha Caldwell's license registration if it had an Order from this Court in place of the "waiver" from the County. I agree that such an Order is appropriate.

However, while that solves the issue in this case, the systemic problem remains. At the hearing, the Court heard different suggestions from counsel as to how to allow debtors who are paying prepetition taxes through their plan to continue to license their vehicles, yet prevent those who have not paid postpetition taxes from getting a bye while they remain in Chapter 13. A further concern is that, while I am convinced that the issue as it now stands has become overly burdensome for the State and Clay and Platte Counties, this Court is not aware of the scope of this problem district-wide, and any attendant strain on this Court's administration which would be caused if the Court had to deal with this issue in every Chapter 13 case with unpaid personal property taxes. Counsel for Clay County suggested that it would be helpful for each debtor to list the county collector for that debtor's county on the mailing matrix in the case, so the county would be aware of each case, when it was filed, and whether it was subsequently dismissed. But Clay County's attorney does not speak for all counties in the state, some of which may not want to be burdened with notices in every case involving a debtor living in that county.

The Debtor cited no basis in her Motion for the relief she requests, and what she is asking this Court to do is in contravention of the state statute regarding the licensing of vehicles in Missouri. At the hearing, I inquired of the Debtor's attorney as to the legal basis for granting the requested relief. I also inquired as to which entity – the County or the State – should be ordered to take what action. One possible argument is that the refusal to issue a waiver (or license registration)

5

to a Chapter 13 debtor violates § 362's automatic stay, since it is arguably action taken by a governmental entity in its proprietary capacity, the purpose of which is to force a debtor to pay a prepetition debt. However, the Debtor here did not demonstrate that debt collection is the purpose of the statute. In addition, if there is a violation of the stay here, it is not clear which agency is violating it (and thus, which agency should be ordered to do something different) since it is the County who collects the tax, but the State which has the enforcement mechanism, namely, declining to renew a vehicle registration necessary to legally drive a vehicle in Missouri. And, counsel for the County pointed out at the hearing that the county collector is actually only a conduit for the most part, inasmuch as most of the money it collects goes to school districts, water districts, and so forth. Finally, if this were a violation of the stay in a Chapter 13 case, it would also be a violation in Chapter 7 cases as well, regardless of whether the debtor intends to pay the nondischargeable taxes. In sum, this situation does not fit neatly within the automatic stay, and the Debtor in this particular case did not establish that either the County or the State has violated it here.

Likewise, § 525, which prohibits a governmental entity from discriminating against someone who files a case and is discharging the entity's debt,[5] is not applicable because personal property taxes due for the year prior to the bankruptcy filing are *not* dischargeable.[6]

---

[5] 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license . . . to a person that is or has been a debtor under this title . . . solely because such . . . debtor is or has been a debtor under this title . . . , has been insolvent before the commencement of the case under this tile, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title . . . .").

[6] 11 U.S.C. § 523(a)(1)(A) (making debts of the kind described in § 507(b)(8) nondischargeable); 507(a)(8)(B) ("allowed unsecured claims of governmental units, only to the extent that such claims are for . . . a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.").

Rather, the most likely basis for granting relief here appears to be § 105, on the ground that issuance of the license is necessary or appropriate to carry out the provisions of Title 11.[7] Specifically, if a Chapter 13 Debtor needs to have a licensed vehicle in order to get to work, and to earn the income to fund the plan, issuance of an order directing the State to issue the license might be necessary or appropriate. Counsel for the State and County conceded as much, and neither the County nor the State expressed any objection to a Court order requiring the State to issue license registrations in those situations where a Chapter 13 debtor is indeed proposing to pay the prepetition debt through the plan, and is not attempting to license the vehicle without paying postpetition taxes. The Court will issue such an order in this case. In the event the need for such orders becomes burdensome on the counties, the State, or the Court, it may be necessary to develop procedures to deal with the issues raised here.

ACCORDINGLY, the Missouri Department of Revenue is ORDERED to issue the license registration to Debtor Miesha C. Caldwell, since having a car which can be legally driven is necessary to the success of her Chapter 13 case. Therefore, her Motion for Personal Property Tax Waiver is GRANTED as to the Missouri Department of Revenue, which shall issue the license tags to the Debtor immediately.

IT IS SO ORDERED.

Dated: 9/30/16                               /s/ Arthur B. Federman
                                             Bankruptcy Judge

---

[7] 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. . . .").

7